UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TODD H. MERCER** | **CIVIL ACTION NO. 3:18-CV-222** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **THOMAS MASON** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Todd H. Mercer, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 21, 2018. Plaintiff is incarcerated at the Tensas Parish Detention Center, Waterproof, LA. He sues fellow inmate, Thomas Mason, alleging that Mason attacked him causing physical and mental injury. He seeks compensatory damages and injunctive relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

On December 25, 2017, plaintiff was attacked by Thomas Mason while watching television in his dorm. Mason came up from behind plaintiff, placed him in a choke hold and threw him to the floor. When he attempted to stand up, Mason bit him on the back twice. He eventually was able to free himself, at which time the guards were made aware of the situation and restrained Mason. The guards "made sure he was seen by medical staff at shift change the next morning." [Rec. Doc. 1, p. 5]

Plaintiff brings the instant suit, which "does not involve jail officials," against his fellow

inmate, seeking compensatory damages as well as a restraining order. [Rec. Doc. 6, p. 2]

## *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. State Actors*

Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Plaintiff has not alleged any action that would give rise to his fellow inmate being classified as a state actor. Since plaintiff is not complaining of any civil rights violations committed by a "state actor," his complaint against Mason alleges a state law tort claim, not a civil rights claim which could be addressed in Federal Court. As plaintiff's civil rights claim against inmate Mason lacks an arguable basis in law, it should be dismissed with prejudice as frivolous. To the extent that he seeks to allege a state law tort claim, that claim should be dismissed without prejudice for lack of subject matter jurisdiction.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint [Rec. Doc. 1] be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2), and **WITHOUT PREJUDICE** as to any state law tort claims he may have against his fellow inmate.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Temporary Restraining Order [Rec. Doc. 1] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Subpoena of Evidence [Rec. Doc. 4] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, February 28, 2018.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**